**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 3:25-CR-00280-B-1** |
| | § | |
| **ASAEL MALDONADO-REYES,** | § | |
| **Defendant.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Asael Maldonado-Reyes's pro se motion seeking jail time credit. *See* Doc. 33. Defendant contends that his "time commutation sheet" is not reflecting the nine months he spent in custody before federal sentencing, and he asks that he "be given 9-month jail credits toward my 24-month sentence." *Id.* For the following reasons, Defendant's motion will be construed as an application for habeas relief under 28 U.S.C. § 2241 and dismissed without prejudice for lack of jurisdiction.

The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (stating that petitions under § 2241 are used to attack the manner in which a sentence is executed). Thus, a motion for jail time credit is cognizable as a habeas corpus petition under § 2241. *See*, *e.g.*, *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (per curiam) (construing petition for jail time credit as a § 2241 petition); *see also Estrada-Ambriz v. Dixon*, 2011 WL 6130406, at *1 (N.D. Tex. Oct. 20, 2011) ("A habeas corpus petition under 28 U.S.C. § 2241 is the proper method for raising a jail-credit claim.") (citations omitted) (Toliver, J.), *rec. accepted* 2011 WL 6130017 (N.D. Tex. Dec. 9, 2011) (Godbey, J.). Such a petition, however, must be brought in the judicial district in

which the petitioner is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 & n.3 (5th Cir. 2001) (holding the district of incarceration is the only district with jurisdiction to entertain a § 2241 petition).

Because Defendant is presently confined in the District of New Hampshire at FCI Berlin, this Court lacks jurisdiction to consider his challenge to the execution of his sentence. *See id.* Therefore, construing Defendant's motion (Doc. 33) as a petition for habeas relief under § 2241, the Court **DISMISSES** the petition without prejudice for lack of jurisdiction.

The Clerk of the Court is **DIRECTED** to open for statistical purposes a new habeas corpus case under 28 U.S.C. § 2241 (nature of suit 530 directly assigned to the same district judge and magistrate judge as this case), and to close the same on the basis of this order.

SO ORDERED

SIGNED: September 3, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE